UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-613-RJC
(3:12-cr-171-RJC-1)

| | |
|---|---|
| JERRY KEITH KRAMER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). Also pending before the Court are Petitioner's Motion for Summary Judgment, (Doc. No. 12), and Petitioner's "Motion to Strike Government's Un-Served Filings," (Doc. No. 14).

**I.     BACKGROUND**

On June 26, 2011, North Carolina state probation officers conducted a home visit at Petitioner's residence and ran a field search of his computer. (Criminal Case No. 3:12-cr-171-RJC-1, Doc. No. 28 at ¶ 9: PSR). The search revealed 277 images saved to the computer's hard drive, primarily depicting minor females in sexually suggestive poses. (Id. at ¶¶ 10-11). The search also disclosed that the computer had accessed various websites with addresses suggesting sexually explicit content. (Id.). The search results were turned over to federal agents, who determined that several of the images depicted child pornography. (Id. at ¶ 12). After obtaining a search warrant, federal agents searched Petitioner's residence and seized a desktop computer containing about 25 images of child pornography. (Id. ¶¶ 14; 20). All of the images depicted female children who appeared to be between 7 and 10 years of age, wearing thong-style clothing

1

or underwear and having their legs spread so that their genitals were the focal point of the photos. (Id. at ¶ 20). A laptop computer that was also seized was found to contain one image of child pornography, depicting a nine- to fifteen-year-old girl exposing her genitalia. (Id. at ¶ 21).

On May 15, 2012, Petitioner was indicted for knowingly and unlawfully possessing computer files that "contained visual depictions that had been mailed, shipped and transported in interstate commerce . . . and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct," in violation of 18 U.S.C. § 2252(a)(4). (Id., Doc. No. 1: Indictment). Petitioner agreed to plead guilty to the child pornography charge. (Id., Doc. No. 19: Plea Agreement). As part of his plea agreement, Petitioner agreed that he was aware that he was subject to a mandatory minimum sentence of ten years and a maximum sentence of twenty years based on his prior conviction for sexual abuse involving a minor. (Id. at ¶ 3). Petitioner also agreed to waive the right to challenge his conviction and sentence on appeal or in any post-conviction proceeding, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at ¶¶ 18-19). In exchange for Petitioner's plea, the Government agreed to recommend the statutory minimum sentence of ten years of imprisonment, as well as to recommend certain specific offense characteristics, and that Petitioner's plea was timely entered. (Id. at ¶ 6(a)-(c)).

On December 5, 2012, Petitioner pleaded guilty before United States Magistrate Judge David C. Keesler, in a hearing conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure. (Id., Doc. No. 20: Acceptance & Entry of Guilty Plea). During the plea proceedings, Petitioner stated under oath that he understood the charges and applicable penalties. (Id. at ¶¶ 1; 8-9). Petitioner confirmed that he had sufficient time to discuss any possible defenses with defense counsel and that he was satisfied with defense counsel's services. (Id. at ¶¶ 31-32). He

also agreed that no one had threatened, intimidated, or forced him to plead guilty. (Id. at ¶ 29). Petitioner admitted that he was, in fact, guilty of activities regarding material constituting child pornography (possession) as charged in the Indictment and stated that he wished to plead guilty. (Id. at ¶¶ 23; 34). At the conclusion of the hearing, the magistrate judge found that Petitioner's plea was knowingly and voluntarily made and accepted it. (Id. at 4).

Because Petitioner had three prior convictions for taking indecent liberties with a child, his guidelines offense level was increased for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. (Id., Doc. No. 28 at ¶¶ 28; 53; 57). Given the statutory minimum sentence and Petitioner's criminal history category of V, the applicable guidelines range was 120-137 months of imprisonment. (Id. at ¶ 119). Consistent with the plea agreement, this Court sentenced Petitioner to the statutory minimum of 120 months of imprisonment. (Id., Doc. No. 34: Judgment). The Court also sentenced Petitioner to a lifetime term of supervised release. (Id.). Judgment was entered on December 3, 2013, and Petitioner did not appeal. (Id.).

On October 28, 2014, Petitioner placed the instant motion to vacate in the prison system for mailing, and it was stamp-filed in this Court on November 3, 2014. (Doc. No. 1). On May 19, 2015, after receiving an Order from this Court to respond and after receiving extensions of time, the Government filed its response. In his motion, Petitioner claims that (1) defense counsel was ineffective for failing to demand discovery or to show the discovery evidence to Petitioner; (2) Petitioner's guilty plea was involuntary because counsel threatened Petitioner that he was facing 18 to 20 years of imprisonment if he did not accept the plea agreement; and (3) this Court lacked jurisdiction because states have primary authority for defining and enforcing crimes.

**II.    STANDARD OF REVIEW**

3

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

**A. Petitioner's Claim of Ineffective Assistance of Counsel Based on Counsel's Failure to Demand and Review Discovery Evidence.**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance

prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

Petitioner first claims that his appointed defense attorney failed to demand discovery and told Petitioner that he was not allowed to see the discovery evidence against him. (Doc. No. 1 at 4). Petitioner has failed to show ineffective assistance of counsel. First, Petitioner does not allege what discovery material he was denied, nor does he allege how any discovery would have affected his decision to plead guilty. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations), cert. denied, 135 S. Ct. 47 (2014). Additionally, Petitioner's sworn statements at his Rule 11 hearing contradict his self-serving claim that his attorney did not engage in discovery. That is, Petitioner affirmed that he received a copy of the indictment and discussed its contents with his attorney; that he had enough time to discuss with his attorney the charges and any possible defenses; that he was satisfied with the services of his attorney; and that he was, in fact,

5

guilty of the charge in the indictment. (Id., Doc. No. 20 at ¶¶ 8; 23; 31-32; 34). Petitioner fails to allege any "extraordinary circumstances" to rebut the presumptive weight of his sworn statements made during the Rule 11 colloquy. See Lemaster, 403 F.3d at 221. Furthermore, as the Government has pointed out in its brief, although Petitioner does not specifically allege that he was denied discovery of the pornographic images he pleaded guilty to possessing, the reproduction of child pornography is prohibited by statute. Thus, "[i]n any criminal proceeding, any property or material that constitutes child pornography . . . shall remain in the care, custody, and control of either the Government or the court." 18 U.S.C. § 3509(m)(1). Any request by a defendant to copy such material must be denied, as long as the Government makes the material reasonably available to the defendant or his counsel. Id. § 3509(m)(2). This serves to prevent further distribution of the images and to limit the re-victimization of the children in the pornographic images. Therefore, Petitioner would not have been entitled to receive copies of the pornographic images he pleaded guilty to possessing.

The Court further finds that, even if Petitioner could sufficiently show deficient performance, he does not allege that but for counsel's failures, he would not have pleaded guilty, but would have proceeded to trial. He also does not identify any evidence that discovery would have revealed that would establish a valid defense to the charge he conceded he committed. Because Petitioner does not explain how the alleged ineffective assistance had any impact on his decision to plead guilty, his ineffective assistance claim is dismissed because he has failed to even allege the prejudice necessary to support it. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997); Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

In sum, Petitioner's first claim is without merit.

**B. Petitioner's Claim that His Guilty Plea Was Involuntary.**

Petitioner next claims that his guilty plea was involuntarily made under duress because defense counsel threatened him with a sentence of 18-20 years if he refused to accept the plea agreement. (Doc. No. 1 at 4). This claim is without merit. Pursuant to 18 U.S.C. § 2252(b)(2), Petitioner faced 10-20 years in prison if he was convicted of the charge in the indictment. The applicable statutory minimum was increased due to Petitioner's prior convictions for taking indecent liberties with a child. See (Id., Doc. No. 28 at ¶¶ 4; 53; 57: PSR (citing § 2252(b)(2)). Because Petitioner faced a sentence of up to 20 years in prison, his attorney's advice that he faced 18-20 years of imprisonment if he rejected the plea, proceeded to trial, and lost, was objectively reasonable. Because this advice was a correct interpretation of the potential sentence, counsel was within the range of "reasonable professional assistance," thus Petitioner cannot demonstrate deficient performance. See Strickland, 466 U.S. at 689.

Additionally, Petitioner's statements at the plea hearing belie his argument that his plea was involuntarily made. Petitioner affirmed under oath at the plea hearing that he had not been threatened, intimidated, or forced into pleading guilty. (Id., Doc. No. 20 at ¶ 29: Acceptance & Entry of Guilty Plea). He admitted that he was, in fact, guilty of the offense charged. (Id. at ¶¶ 23; 34). Thus, his contention that his attorney forced him to plead guilty is contradicted by his sworn statements at the guilty plea hearing and he has not alleged extraordinary circumstances that would overcome the presumptive validity of his statements and affirmations made under oath. See Lemaster, 403 F.3d at 221.

The Court further finds that, even if Petitioner could establish deficient performance, he has not alleged prejudice, because he does not contend that, but for counsel advising him to accept the plea agreement, he would have rejected the plea and insisted on going to trial. Nor would such a contention be objectively reasonable. Because multiple images of minors in

7

sexually explicit poses were found on Petitioner's computers and the plea agreement included the Government's recommendation that Petitioner be sentenced to the statutory minimum, a decision to reject the plea offer and go to trial would not have been "objectively reasonable" in light of the facts. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012). Therefore, Petitioner's claim that his plea was involuntary is without merit because counsel's advice was objectively reasonable, his claim of duress is contradicted by his sworn statements at the plea hearing, and he does not allege prejudice.

In sum, Petitioner's second claim is without merit.

### C. Petitioner's Claim that this Court Lacked Jurisdiction.

In his final claim, Petitioner contends that this Court lacked jurisdiction over his offense because crimes are matters of state law. (Doc. No. 1 at 5). This contention is wholly without merit. Federal courts have subject matter jurisdiction over all federal criminal prosecutions pursuant to 18 U.S.C. § 3231, which provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231; United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006). Because Petitioner pleaded guilty to and was convicted of violating federal criminal law, specifically 18 U.S.C. § 2252(a)(4), this Court had jurisdiction over his offense. Accordingly, Petitioner's assertion that this Court lacked jurisdiction over his offense is without merit.

In sum, Petitioner's third claim is without merit.

### IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Petitioner's Motion for Summary Judgment, (Doc. No. 12), and Petitioner's "Motion to Strike Government's Un-Served Filings," (Doc. No. 14), are **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 5, 2016

_____
Robert J. Conrad, Jr.
United States District Judge